IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL E. McKINZY, SR.,

      Plaintiff,

v.                                                     Case No. 10-2015-JWL-GLR

MISSOURI DIVISION OF CHILD
SUPPORT ENFORCEMENT,
et al.,

      Defendants.

## **MEMORANDUM AND ORDER**

Plaintiff, proceeding *pro se*, commenced this action, alleging violations of his right to due process under the Fifth Amendment, "oppression in office," "civil conspiracy" to deny his rights to due process and equal protection of law, denial of his access to the courts, and violation of his civil rights under 42 U.S.C. § 1983. The matter comes before the Court on the Motion to Stay Discovery in This Case (doc. 27), filed by Defendants Missouri Division of Child Support Enforcement, Chief Federal District Judge Fernando J. Gaitan and Federal District Judge Richard E. Dorr. Moving Defendants request a stay of all discovery, as well as the requirements imposed by Fed. R. Civ. P. 26, including service of initial disclosures, until the Court rules on their dispositive motions. No party has filed any response in opposition to the motion to stay. The motion is granted.

The general policy in this district is not to stay discovery even though dispositive motions are pending.[1] A court, however, may appropriately stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts

---

[1] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

Another basis for staying discovery is based upon a defendant's assertion of an immunity defense in a dispositive motion.[3] Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4] "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[5] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[6]

Defendant Missouri Department of Child Support Enforcement has filed a Motion to Dismiss (doc. 9) on numerous grounds including Eleventh Amendment immunity, lack of subject matter jurisdiction, improper venue, and for failure to satisfy the requirements of 42 U.S.C. § 1983. Defendant Judges Gaitan and Dorr have also filed a Motion to Dismiss (doc. 25) on the basis that Plaintiff's claims against them are barred by judicial immunity.

Moving Defendants contend that because Plaintiff's claims against them are barred by Eleventh Amendment and judicial immunity, no discovery or even preparation for potential discovery should occur before the Court rules on their respective dispositive motions. They contend

---

[2]*Id*. (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[3]*Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[4]*Id.*

[5]*Id.*

[6]*Id.*; *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

2

this is an appropriate case to stay of all discovery, as well the requirements imposed by Rule 26, including initial disclosures, until the Court rules on their dispositive motions resolving the pending immunity issues.

Under the standards set forth above, the Court finds a stay of discovery is appropriate, given the issues they have raised as to judicial and Eleventh Amendment immunity in the pending motions to dismiss. The Court grants the unopposed Motion to Stay Discovery.

**IT IS THEREFORE ORDERED THAT** the Motion to Stay Discovery (doc. 46) is GRANTED. All discovery and proceedings pursuant to Fed. R. Civ. P. 26, including initial disclosures, are hereby stayed, pending resolution of the pending motions to dismiss (docs. 9 and 25).

Dated in Kansas City, Kansas on this 6th day of April, 2010.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge
