IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| MICHAEL E. McKINZY, SR., | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-2015-JWL |
| | ) | |
| MISSOURI DIVISION OF CHILD | ) | |
| SUPPORT ENFORCEMENT, CHRISTINE | ) | |
| SILL-ROGERS, ROBERT M. SCHIEBER, | ) | |
| PATRICK CAMPBELL, MIKE DYER, | ) | |
| AARON M. SEAMANDS, RICHARD E. | ) | |
| DORR, CHARLES BENDER, FERNANDO | ) | |
| GAITAN, & JACKSON COUNTY CIRCUIT | ) | |
| COURT OF MISSOURI | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, who apparently lives in Kansas but also states that he is a citizen of Illinois, has filed an action pro se in this District against various Missouri state officials, two Missouri governmental agencies, and two judges of the United States District Court for the Western District of Missouri (*See* Amended Complaint, Doc. 4, at 1-2).

The suit, which alleges a conspiracy in violation of Plaintiff's constitutional rights to due process and to equal protection of the laws, apparently stems from Plaintiffs' dissatisfaction with his alleged Missouri child-support obligations and with the outcomes of prior lawsuits relating to those alleged obligations (*See id.* at 1-2, 7-18). Plaintiff's

1

Amended Complaint seeks $300,000 in compensatory damages and $300,000 in punitive damages (*Id.* at 4).

This matter comes before the court on (I) Defendants' pre-answer motions to dismiss on various grounds; (II) Plaintiff's motion for leave to file a second amended complaint; and (III) Plaintiff's motion for partial summary judgment, which generated a motion for additional response time by defendant Missouri Division of Child Support Enforcement. For the reasons stated herein, Defendants' motions to dismiss are **granted** and Plaintiff's motion for leave to file a second amended complaint is **denied**. This outcome renders the summary-judgment motions moot.

## DISCUSSION

### I. Motions to dismiss

Because not all defendants have raised the same issues in their motions to dismiss, this Memorandum and Order will separately address the defenses of (A) lack of personal jurisdiction, commonly raised by Defendants Schieber, Campbell, Sill-Rogers, Bender, Dyer and Seamands; (B) improper venue, one of the defenses raised by the Missouri Division of Child-Support Enforcement; and (C) judicial immunity, the sole defense raised by Defendants Gaitan and Dorr. For the reasons stated below, Defendants' motions to dismiss are **granted**.

*A. Personal Jurisdiction*

Defendants Schieber, Campbell, Sill-Rogers, Bender, Dyer and Seamands all have filed motions to dismiss Plaintiff's claim, pursuant to Fed. R. Civ. P. 12(b)(2), on

2

the grounds that this court lacks personal jurisdiction over them. (*See* Docs. 29, 30, 32, 33). All have stated in their pleadings that they reside in Missouri, that they were served with process in Missouri, and, to the extent that they have had involvement with Plaintiff, those dealings occurred in Missouri in the context of Missouri governmental proceedings. *See id.*

The plaintiff bears the burden of establishing that a court has personal jurisdiction over a defendant. *See, e.g., Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). In the context of a defendant's pre-answer motion to dismiss, the plaintiff need only make a prima facie showing of personal jurisdiction, and any factual disputes must be resolved in the plaintiff's favor. *Id.* at 1070.

To determine whether a federal court has personal jurisdiction over a defendant, the court must consider "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). The only statute Plaintiff cites as a basis for his cause of action, and the one on which he appears to base his claim, is 42 U.S.C. § 1983, which does not confer nationwide jurisdiction upon federal district courts. *See id.* In such a situation, this court must look to the laws of the state in which it sits and apply the state statute that establishes courts' personal jurisdiction over a nonresident defendant. *Id.* Assuming the relevant statute provides for service of process, the court also must examine whether the method of establishing jurisdiction set out by the statute comports

with constitutional due process. *Id.* "The essential test under federal constitutional due process requirements is whether defendant had such minimum contacts with the forum state" as would satisfy traditional notions of "fair play and substantial justice." *Helitzer v. Helitzer*, 761 F.2d 582, 585 (10th Cir. 1985).

Kansas' so-called "long-arm" statute specifies various acts by which a nonresident, who is not generally subject to the jurisdiction of Kansas courts, submits to such jurisdiction, at least for causes of action arising from those acts. *See Kan. Stat. Ann.* § 60-308(b) (listing acts including transaction of business within the state, commission of a tortious act within the state, ownership of real estate within the state, and entering into a contract with a Kansas resident). Plaintiff, however, has alleged no acts on the part of Defendants Schieber, Campbell, Sill-Rogers, Bender, Dyer or Seamands or their agents that could have caused any of them to fall within any of the categories set out in the statute (*See* Amended Complaint, Doc. 4).

Moreover, even if Plaintiff had tried to establish that defendants fit within any of the above-described categories, he has included no allegations in his pleadings that could be construed as establishing that the above-named defendants have sufficient minimum contacts with Kansas, such that exercising jurisdiction over them would not offend traditional notions of fair play and substantial justice.

Plaintiff has shown this court no reason why the above-named defendants—all of whom are Missouri residents, were served by certified mail in Missouri (*See* Docs. 16-20, 22), and, based on the pleadings, appear to have crossed paths with Plaintiff nowhere

4

outside of Missouri state-government proceedings – should be brought before a Kansas court. Because Plaintiff has failed to meet his burden of making a prima facie showing that this court has personal jurisdiction over defendants, the above-named defendants' motions to dismiss for lack of personal jurisdiction are **granted** and the action as it relates to these defendants is dismissed without prejudice.[1]

### B. Venue

The Missouri Division of Child Support Enforcement has raised, among other defenses, the defense of improper venue. (*See* Docs. 9, 10). A civil action that is not

---

[1] Although this Court has decided the motion to dismiss in favor of defendants Schieber, Sill-Rogers and Campbell for lack of personal jurisdiction, it also notes that these three defendants, who are, respectively, a Circuit Court Judge, an Associate Circuit Court Judge and a Family-Court Commissioner in the 16th Judicial District of Jackson County, Missouri, also have raised the defense of judicial immunity (*See* Doc. 30), and Plaintiff has failed to demonstrate that their alleged acts giving rise to this suit were made extrajudicially or in the complete absence of all jurisdiction. *See* discussion at § I.C *infra.* The defense of judicial immunity is, therefore, an alternative grounds for granting these three defendants' motions to dismiss. This court does not reach other defenses raised by these three defendants.

Moreover, the Court notes that Plaintiff has named and served "Jackson County Circuit Court of Missouri" as a defendant but that it has not entered an appearance. Even assuming that the Circuit Court is a legal entity subject to suit, plaintiff alleges no actions by Jackson County Circuit Court distinct from the actions of Defendants Schieber, Sill-Rogers and Campbell. For that reason, the Amended Complaint as it relates to Jackson County Circuit Court of Missouri is dismissed on the same grounds as those for Defendants Schieber, Sill-Rogers and Campbell. *Cf. Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (action may be dismissed *sua sponte* under 28 U.S.C. § 1915 for lack of personal jurisdiction if defense is obvious from the complaint and no need exists to develop facts).

5

based solely on diversity of citizenship[2] may generally be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State," or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b). A third means of establishing proper venue, applicable only when there is "no district in which the action may otherwise be brought," is not relevant here given that under the criteria described above, venue for this action would be proper in Missouri. *See id.* A case filed in an improper venue shall be dismissed or, or, if it is in the interest of justice, transferred to a court where venue is proper. 28 U.S.C. § 1406(a). The question of whether to dismiss or transfer the action is within the sound discretion of the district court. *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006).

Trial courts in this District have frequently held that the procedure for analyzing a motion to dismiss for improper venue is substantially similar to the procedure, described *supra*, for deciding a motion to dismiss for lack of personal jurisdiction— that is, the plaintiff has the burden of establishing that venue is proper and must make a prima facie showing of proper venue to withstand the motion. *See, e.g.*, *Rusty Eck Ford-Mercury Corp. of Leavenworth v. Am. Custom Coachworks, Ltd.*, 184 F. Supp. 2d 1138, 1144 (D. Kan. 2002).

Plaintiff does not allege that all defendants reside in the same state or that any defendant resides in the District of Kansas. Thus, the only way Plaintiff could establish that venue is proper in this district is by establishing that "a substantial part of the events or omissions giving rise to the claim" occurred in Kansas, or that "a substantial part of the property that is the subject of the action" is situated in Kansas. 28 U.S.C. § 1391(b).

---

[2] Plaintiff's complaint invokes both diversity of citizenship and federal questions, i.e. allegations of defendant's constitutional rights in violation of 42 U.S.C. § 1983, as potential grounds for this court's subject-matter jurisdiction. (*See* Doc. 4).

Plaintiff makes no such claim and instead has argued in his response to the Missouri Division of Child Support Enforcement's motion to dismiss that venue is proper in the District of Kansas because he resides here (*See* Doc. 15). Plaintiff has thus failed to meet his burden of establishing that venue is proper in this district.

Even assuming, however, that Plaintiff had attempted to argue that a "substantial part" of the events giving rise to his claim occurred in Kansas or that a "substantial part" of the property involved in his claim was situated here, Plaintiff has included no facts in his pleadings that would suffice to make a prima facie showing as to these means of establishing venue. To the contrary, based on the pleadings it appears that none of these Missouri-based officials' alleged acts giving rise to his claim occurred in Kansas, and that this dispute does not concern property, whether located in Kansas, Missouri or elsewhere, but rather concerns Plaintiff's constitutional rights.

This court will not exercise its discretion to transfer the claim against this defendant to another jurisdiction, in part because Defendant has raised other defenses, including Eleventh Amendment immunity, failure to state a claim on which relief may be granted, and lack of subject-matter jurisdiction, to which Plaintiff has not articulated a meaningful response (*See* Docs. 10, 15). As a result, defendant Missouri Division of Child Support Enforcement's motion to dismiss for improper venue[3] is **granted**, and the complaint as it relates to this defendant is dismissed without prejudice.

*C. Judicial Immunity*

Defendants Gaitan and Dorr are both United States District Court Judges for the Western District of Missouri. The Amended Complaint does not provide any detailed

---

[3]Although this Court already has decided to dismiss this complaint as it relates to Defendants Dyer, Bender, and Seamands for lack of personal jurisdiction, the Court notes that all three defendants also raised the defense of improper venue (*See* Doc. 33). The Court sees no difference between the venue analysis for these three defendants and the analysis as it relates to Missouri Division of Child Support. As such, improper venue is an alternate basis for granting Defendants' Dyer, Bender and Seamands' motions to dismiss.

7

allegations against them beyond the general allegations that all Defendants conspired to deprive plaintiff of his constitutional rights (Doc. 4 at 3-4). The complaint does, however, list as products of the alleged conspiracy two of Plaintiff's prior lawsuits that were assigned to Judges Gaitan and Dorr, 10-2002-CV-FJG, and 07-CV-00452-RED.[4]

Defendants Gaitan and Dorr have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), submitting that the doctrine of judicial immunity renders Plaintiff unable to state a claim against them on which relief may be granted (Doc. 25). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

A long line of United States Supreme Court case law establishes that "[g]enerally, a judge is immune from a suit for money damages" so that a judicial officer acting in his official capacity may "be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (citation omitted). To overcome this immunity, "a plaintiff must demonstrate that a judge's actions were either outside the judge's judicial capacity or were taken in the complete absence of all jurisdiction." *Hinton v. Dennis*, 2010 WL 257286 at *2 (10th Cir. Jan. 25, 2010). "[A] court invested with jurisdiction over the subject matter in question does not act in the clear absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195-96 (10th Cir. 2008).

A defendant's claim of judicial immunity may serve as sufficient grounds for granting a Rule 12(b)(6) motion to dismiss, assuming the plaintiff has failed to

---

[4]Even though a court generally may only consider the contents of the pleadings in the context of a motion to dismiss for failure to state a claim, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). Thus, the court may take judicial notice of facts that are a matter of public record, as long as they are used merely to show their contents and not to establish the truth of the matters asserted therein. *Id.* (citation omitted).

demonstrate that judicial immunity should not apply. *See generally Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188-89 (10th Cir. 2003) (upholding District Court's dismissal of claim for damages under 42 U.S.C. § 1983, based on defendant's invocation of judicial-immunity defense in Rule 12(b)(6) motion to dismiss).

Because pro se pleadings are to be construed liberally, the Court construes Plaintiff's pleading labeled "Plaintiff's Suggestions in Opposition to Defendants' Third Motion for Dismissal" (Doc. 35) as a response to the motion to dismiss filed by Defendants Gaitan and Dorr, even though this pleading does not specifically refer to these two defendants. Plaintiff alleges in this pleading that unspecified defendants acted "in the complete absence of jurisdiction," but he includes no factual details to flesh out or support this conclusory statement. "Conclusory allegations are not enough to withstand a motion to dismiss." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

In addition, the inclusion of specific case numbers from U.S. Disrict Court proceedings in Plaintiff's amended complaint suggests that he filed suit for monetary damages against Defendants Gaitan and Dorr precisely because of his dissatisfaction with their previous judicial acts, a claim that falls squarely within the type of claims barred by the doctrine of judicial immunity.[5]

Because Plaintiff has failed to state a claim against Defendants Gaitan and Dorr upon which relief could be granted, his Amended Complaint as it relates to Defendants Gaitan and Dorr is **dismissed** without prejudice.

### II. Plaintiff's Motion for Leave to File Second Amended Complaint

---

[5] The document titled "Plaintiff's Suggestions in Opposition to Defendants' Third Motion for Dismissal," which this Court construes liberally to be a response to Defendants' motion to dismiss on grounds of judicial immunity, states that Plaintiff is seeking "injunctive and declaratory relief" in addition to monetary damages. Nevertheless, this Court bases its ruling on Plaintiff's Amended Complaint because, as discussed *infra*, Plaintiff has not been granted leave to amend his complaint a second time.

Plaintiff filed his initial complaint on Jan. 12, 2010 (Doc. 1), then filed an amended complaint two days later, Jan. 14, 2010 (Doc. 4). On Feb. 23, 2010, Plaintiff filed a motion for leave to file a second amended complaint (Docs. 13, 14).[6] Because Plaintiff already has amended his complaint once and does not have written consent of Defendants to file another amendment, this Court must decide whether to grant him leave to amend. *See* Fed. R. Civ. P. 15(a)(1).

The Court should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court, however, may dismiss a complaint without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Ultimately, whether to grant leave to amend a complaint lies within the discretion of the district court. *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006).

The Federal Rules of Civil Procedure require that motions set out "with particularity" the grounds for the motion. Fed. R. Civ. P. 7(b)(1). "By requiring notice to the court and the opposing party of the basis for the motion, rule 7(b)(1) advances the policies of reducing prejudice to either party and assuring that 'the court can comprehend the basis of the motion and deal with it fairly.'" *Calderon v. Kansas Dept. of Social & Rehab. Svcs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (citation omitted). "[A] request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment" before the court is required to recognize the motion. *Id.* at 1186-87. In addition, the local court rules for the District of Kansas,

---

[6] Plaintiff filed two documents on Feb. 23, 2010 both containing identical language. One was labeled "Plaintiff's Motion for Leave to File Second Amended Complaint," and the other was labeled "Plaintiff's *Amended* Motion for Leave to File Second Amended Complaint" (emphasis added). *(See* Docs. 13, 14). For the record, this court is basing its ruling on the language of the latter of the two motions, even though it cannot discern any differences between the original and the "amended" versions.

accessible on the Court's public Web site, require that when a party files a motion to amend that may not be made as a matter of right, the party must "(1) set forth a concise statement of the amendment or leave sought" and must "(2) attach the proposed pleading or other document," as well as complying with other general requirements for motions. D. Kan. Rule 15.1.

Pro se pleadings are to be construed liberally, but a plaintiff's pro se status does not relieve him from the duty of complying with procedural requirements. *See, e.g.*, *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

Plaintiff states in the motion that he wishes to amend so that he can establish that jurisdiction and venue are proper "through a complete diversity between plaintiff and all defendants and by this state being plaintiff's state of residence" (Doc. 14). The court finds that these proposed amendments would be futile. These proposed changes add nothing to what already was set out in Plaintiff's first amended complaint, and reiterating them would not eliminate any of the barriers, discussed above, to Plaintiff's suit going forward in this court. Plaintiff also requests in his motion that he be granted leave to clarify his existing claims and to add new claims. The motion, however, does not state any details of Plaintiff's proposed new claims or describe the ways in which he wants to clarify the previous complaint, nor does it include a draft of the proposed amended complaint (*See* Doc. 14). In short, Plaintiff has provided no new information about the new claims and clarifications he wants to make. Arguably, Plaintiff has alluded in one pleading to his desire to amend the form of relief sought to include injunctive and declaratory relief, as opposed to merely monetary damages (*See* Doc. 35). Still, he has not specified from which defendants he seeks these forms of relief, nor has he, by this method, given adequate notice of the basis for the amendment he seeks.

This court finds that Plaintiff has failed to comply with both the local rules and with Rule 7's requirement that grounds for a motion be set out "with particularity," and

11

that justice does not require that plaintiff be granted leave to file a second amended complaint in these circumstances.

For these reasons, Plaintiff's motion for leave to file a second amended complaint is **denied**.

IT IS THEREFORE ORDERED BY THE COURT THAT the motions to dismiss by defendants Dorr and Gaitan (Doc. 25); Scheiber, Campbell, and Sill-Rogers (Doc. 29); Bender, Dyer, and Seamands (Doc. 32) and the Missouri Division of Child Support Enforcement (Doc. 9) are **granted** and that the complaint is **dismissed** without prejudice as it relates to Jackson County Circuit Court of Missouri.

Plaintiff's motion for leave to file a second amended complaint (Docs. 13, 14) is **denied.**

This renders as moot Plaintiff's motion for partial summary judgment (Doc. 7) and defendant Missouri Division of Child Support Enforcement's motion for an extension of time to respond to the summary-judgment motion (Doc. 11).

Because this order disposes of the claims against all defendants, the action in its entirety is hereby **dismissed** without prejudice.

IT IS SO ORDERED.

Dated this 1st day of June, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum

John W. Lungstrum
United States District Judge